IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-03090-SKC-MEH

ALLISON WENDELBERGER,

    Plaintiff,

v.

ERIC MILLER, individual, and
LINKED.EXCHANGE LLC,

    Defendants.

## ORDER RE: MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

Plaintiff Allison Wendelberger was previously employed by Defendants Eric Miller and Linked.Exchange LLC from December 12, 2019, to January 31, 2022. Linked.Exchange is a North Carolina-based limited liability company that uses a cloud-based system to provide custom technology solutions that enable insurance agencies, carriers, and other partners to grow their distribution and books of business. Plaintiff has filed claims against Defendants alleging violations of the Fair Labor Standards Act, Colorado Wage Claim Act, Colorado Minimum Wage Act, and Colorado Minimum Wage Order. Plaintiff has also brought claims for breach of contract, unjust enrichment, and promissory estoppel.

1

Plaintiff filed her claims in the present forum and Defendants have filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Dkt. 12. Plaintiff argues she has made a *prima facie* showing of jurisdiction and, if she has not, in the alternative requests the Court to transfer this case to the Western District of North Carolina. Dkt. 34. The Court has reviewed the Motion, related briefing, and applicable law. No hearing is necessary. For the following reasons, the Court finds that personal jurisdiction is not proper in the present forum and transfers this case to the Western District of North Carolina.

## STANDARD OF REVIEW

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(2) alleging a lack of personal jurisdiction over them. The question of personal jurisdiction must be addressed before a court can reach the merits of a case because "a court without jurisdiction over the parties cannot render a valid judgment." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Leney v. Plum Grove Bank*, 670 F.2d 878, 879 (10th Cir. 1982)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotation marks and citation omitted). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide*

2

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979) (internal quotation marks and citation omitted). The "minimum contacts" requirement protects a defendant "against the burdens of litigating in a distant or inconvenient forum[;]" and ensures "the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id*. at 292. If minimum contacts are shown, the court must then determine whether the exercise of personal jurisdiction over the defendant would "offend traditional notions of fair play and substantial justice." *OMI Holdings, Inc.*, 149 F.3d at 1091 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).

The Colorado long-arm statute extends jurisdiction to the greatest extent permitted by due process, which allows the court to bypass the statutory analysis and proceed with the due process inquiry. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008) ("The Colorado Supreme Court has interpreted Colorado's long-arm statute to extend jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment."). Consistent with due process, a court may exercise personal jurisdiction in one of two ways. First, a court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472. Second, where a defendant has not engaged in forum-related activities, the court may nonetheless exercise general jurisdiction over the defendant

3

Case 3:24-cv-00883-GCM   Document 38   Filed 09/30/24   Page 3 of 10

based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984).

The plaintiff bears the burden of establishing either general or specific jurisdiction over the defendants. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a *prima facie* showing that jurisdiction exists." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

The Court accepts the well-pleaded allegations (plausible, nonconclusory, nonspeculative facts) of the operative complaint as true "to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz*, 55 F.3d at 1505 (internal quotation marks and citations omitted).

### A. General Jurisdiction

Defendants argue there is no general jurisdiction in this case because Defendants do not have continuous and systematic business contacts with Colorado. Dkt. 12. Plaintiff concedes this point, and therefore, the Court turns to whether specific jurisdiction is applicable to this matter.

4

B.  **Specific Jurisdiction**

Plaintiff argues that specific jurisdiction is appropriate in this case because Defendants have allegedly satisfied the minimum contacts requirement with Colorado. Dkt. 23. Plaintiff asserts Defendants purposely directed their activities to Colorado because: Defendants were aware Plaintiff resided in Colorado at the time they hired her; Defendants initiated communications with Plaintiff regarding employment with Linked.Exchange while Plaintiff resided in Colorado; Plaintiff worked for Defendants from Colorado; Defendants expressed interest in having a business presence in Colorado; and Defendants represented a Colorado presence in their business activities. Dkt. 23. The Court is not persuaded.

Minimum contacts, in the context of specific jurisdiction, must arise out of contacts that the "defendant himself" creates with the forum state. *Burger King*, 471 U.S. at 475. It is well established that it is insufficient for the plaintiff to be the only link between the defendant and the forum State to establish jurisdiction. See *Burger King*, 471 U.S. at 478. Though Defendants were aware Plaintiff resided in Colorado prior to and during her employment with Linked.Exchange, there is no further evidence that shows Defendants had any other contacts with Colorado outside of their interactions with Plaintiff. Defendants did not require Plaintiff to work out of Colorado nor did Defendants serve any clients in Colorado. Dkt. 12. When Plaintiff was to make in-person contact with current clients, prospective clients, and other personnel in the employ of Linked.Exchange, Plaintiff travelled outside of Colorado

5

to Alabama, Tennessee, and most notably, North Carolina. Dkt. 12 and 23. Furthermore, Defendants provided Plaintiff with North Carolina based resources pertaining to her work with Linked.Exchange upon commencement of her employment. Dkt. 12.

Plaintiff also argues that specific jurisdiction is proper because Defendants expressed interest in having a business presence in Colorado and because Defendants represented a Colorado presence in their business activities. Dkt. 23. Plaintiff alleges that Defendants expressed an interest in obtaining a person experienced in their field to "focus on the middle geography" of the United States with Colorado being "an ideal location." Dkt. 23. Yet there is no evidence to support this interest or such intentions other than the fact Plaintiff resides in Colorado. In support of her argument, Plaintiff presented email correspondence that Defendant Miller sent to clients and business partners of Linked.Exchange introducing Plaintiff as a representative of the company that was based in Denver, Colorado. Dkt. 23. Plaintiff also provided evidence of a PowerPoint that was presented to business partners of Linked.Exchange that also cited Plaintiff as being based in Denver, Colorado. Other than a few emails and a PowerPoint presentation indicating Plaintiff's duty-station in Colorado, there is no evidence that Defendants made any efforts to publicly advertise, solicit, market, or promote their business activities toward residents of Colorado; nor is there evidence Defendants obtained any clients or customers who reside in Colorado in the past or present. It is Plaintiff's burden to establish personal jurisdiction and without

6

adequate supporting facts, she has failed to make a *prima facie* showing of specific personal jurisdiction over Defendants.

The Court finds Plaintiff has failed to make a *prima facie* showing of personal jurisdiction over the Defendants. However, as an alternative to dismissal, Plaintiff requests this case be transferred to the Western District of North Carolina, Charlotte Division. Dkt. 34 at pp. 4. Defendants addressed Plaintiff's request to transfer in their Sur-reply brief opposing transfer and requesting this matter instead be dismissed. Dkt. 37. Due to the conflicting opinions on transfer by Plaintiff and Defendants, the Court evaluates below whether transfer of this matter to the Western District of North Carolina, Charlotte Division would be proper.

### C. Transfer to the Western District of North Carolina

28 U.S.C. § 1631 provides a court lacking jurisdiction shall, if it is in the interest of justice, transfer an action or appeal to any other court where the action could have been brought at the time it was filed or noticed. To determine whether a transfer would be in the interest of justice, the Court may consider factors such as whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or rather, it was clear at the time of the filing that the court lacked proper jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The burden is on the Plaintiff to prove grounds for a transfer. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 108 (10th Cir. 2012).

7

Plaintiff has asserted claims against Defendants that allege violations of the Fair Labor Standards Act and the Colorado Wage Act (and other state laws or regulations) and claims of breach of contract, unjust enrichment, and promissory estoppel. The statute of limitations for Plaintiff's claims regarding the Fair Labor Standards Act and Colorado Wage Act are generally two years, which can be extended to three years if the alleged violations were willful. 29 U.S.C. § 255(a); Colo. Rev. Stat. § 8-4-122. As for Plaintiff's claims for breach of contract, unjust enrichment, and promissory estoppel, the statute of limitations is three years. Colo. Rev. Stat. § 13-80-101(1)(a). Plaintiff's claims arose from her time working at Linked.Exchange from December 19, 2019, to January 31, 2022. If Plaintiff were to file anew in the Western District of North Carolina, it appears (as she argues) that at least some of her claims would be partially-time barred, at a minimum.

When analyzing the second factor of whether the claims alleged are likely to have merit, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 108 (10th Cir. 2012) (citing *Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000). In review of the Complaint, Plaintiff's claims regarding alleged violations of federal and state labor laws would require her to be an employee of Linked.Exchange. While Defendants argue Plaintiff was an independent contractor, Plaintiff alleges she worked as an employee for Linked.Exchange because

8

she was assigned two titles consistent with working as an employee (Area Vice President and Chief Operating Officer); she never represented that she was in business for herself; and she did not have any clients of her own as they all were clients of Defendants. In the subsequent briefing of this matter, Defendants presented an unsigned independent contractor agreement and a life insurance policy agreement that Plaintiff entered that lists her as an independent contractor. But at most this creates a disputed issue of fact which the Court does not resolve at this stage. Instead, the Court must prioritize caution and respect of jurisdictional boundaries when determining whether claims are meritorious when jurisdiction is lacking. In taking a "peek at the merits," the Court defers final judgment on this factor to the appropriate forum that meets the proper jurisdictional requirements.

Lastly, the Court must determine whether Plaintiff filed her claims in good faith or whether it was clear at the time of the filing that the Court lacked proper jurisdiction. This Court finds that Plaintiff filed her claims in good faith. While this Court's analysis makes clear the lack of proper jurisdiction, the Court is not convinced the issue was so clear at the time Plaintiff brought this action to render her filing lacking in good faith.

When presented with the opportunity to dismiss or transfer a case to the proper forum, transfer is the preferred course. § 3827 Transfer to Proper Venue or Dismissal Under 28 U.S.C.A. § 1406(a), 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed.). Based on the above-analysis, and in the interest of fairness, justice, and respect for

9

the forum that does in fact have proper jurisdiction over this matter, the Court will transfer this matter to the Western District of North Carolina for the final determination of Plaintiff's claims.

\* \* \*

For the reasons shared above, IT IS ORDERED that the Clerk of Court shall transfer this case to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). It is FURTHER ORDERED that the Motion to Dismiss is DENIED AS MOOT based on this Court's Order to transfer.

DATED: September 30, 2024

BY THE COURT:

S. Kato Crews
United States District Judge